FINN v. MILLER.

COMPROMISE AND SETTLEMENT—DURESS—EVIDENCE—REMODELLING
CONTRACT—OVERHEAD—PROFIT.

> The mere insistence of owner of building, being remodeled by
> plaintiff, that latter do over twice as much as required by the
> contract, if it was more, did not alone or in combination with
> defendant's failure to pay plaintiff weekly in accordance with
> written contract, defendant's failure to inform plaintiff until
> job was completed that plaintiff would not be compensated ·for
> items of overhead and profit beyond maximum set by the con-
> tract or defendant's representation that he would obtain a
> mortgage to pay plaintiff in full, constitute duress entitling
> latter to set aside compromise settlement of disputed claim as·
> to overhead and profit for plaintiff under contract expressly
> limiting amount for which defendant was liable in such re-
> spects.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted April 5, 1951. (Docket No. 22, Calendar No.
45,053.) Decided May 14, 1951.

Bill by Harold R. Finn, doing business as Finn
Construction Company, against Charles L. Miller
to foreclose a mechanic's lien. Decree for plaintiff.
Reversed.

*Neil B. Hayes* (*Reuben M. Waterman*, of counsel),
for plaintiff.

*Glenn C. Hague* and *William E. Dowling* (*Clark,
Klein, Brucker & Waples, Wilbur M. Brucker* and
*Guerin Todd, Jr.*, of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Duress and Undue Influence, § 1 *et seq.*

DETHMERS, J.   Defendant owned a building which he wished to have remodeled, and for that purpose had blueprints prepared by architects.   Plaintiff, a building contractor, inspected the building, examined the blueprints, and estimated that the remodeling would cost $39,000 and take 2 months.   A written contract was entered into by which plaintiff agreed to furnish the labor and materials for and do all the remodeling, and defendant agreed to pay him on the basis of the costs thereof plus 10% for overhead and 10% for profit, the latter 2 items not to exceed $4,000 each on the work described in the contract.   The work was completed in about 7 months, at a total cost exceeding $91,000.

After completion plaintiff claimed that the $52,000 excess in costs over his advance estimate of $39,000 was occasioned by changes and deviations from the blueprints and by extras and work beyond that contemplated by the contract, that these all were insisted upon by defendant, and that, therefore, plaintiff was entitled to 10% overhead and 10% profit on the $91,000 cost figure without regard to the $8,000 limitation on combined overhead and profit contained in the contract.   Defendant, on the other hand, insisted that all the work done and materials furnished were within the contemplation of the blueprints and contract, that the excess of costs over plaintiff's estimate was due to plaintiff's gross inaccuracy in making the estimate and to his reckless misstatement of what the job would cost, and that, therefore, plaintiff was entitled to nothing for overhead and profit beyond the $8,000 limit fixed in the contract.   While the dispute on this question continued between the parties, plaintiff, as his proofs tend to show, found himself in financial difficulties, pressed by his creditors and notified by his bank of an overdraft in his checking account.   At that juncture defendant, through his attorney, tendered to plaintiff a check for $22,000

representing the balance due on the contract, as defendant contended, for all building costs, and all overhead and profit on the basis of $4,000 for each of the latter 2 items, respectively. The check was marked as payment in full. After discussions, and with some reluctance, plaintiff accepted, and later cashed, the check and at the same time executed and gave to defendant's attorney an instrument in writing acknowledging payment in full and releasing defendant from all further liability. Thereafter plaintiff filed a notice of lien against the premises, following which he filed his bill of complaint in this suit, praying that said release be declared void, that defendant be required by decree to pay plaintiff the additional amount claimed by him to be due for overhead and profit, that plaintiff be decreed to have a valid lien therefor, and for foreclosure of the lien in default of payment. There was no claim on trial, nor is there on appeal, that defendant had not paid plaintiff the entire cost item as agreed under the contract. The controversy did and does relate solely to whether plaintiff was entitled to overhead and profit computed on total costs even though it would be in excess of the $8,000 limit. From decree for plaintiff, defendant appeals.

Plaintiff seeks to void the effect of the release given by him to defendant on the ground that it was executed under duress exerted upon him by defendant. He claims that the duress consisted of and was occasioned by his financial difficulties, and that they were caused by defendant and "arose from the following facts:

"1. Plaintiff [defendant] required defendant [plaintiff] to do $91,000.00 worth of work on a contract that had been roughly estimated not to exceed $40,000.00.

"2. Defendant failed to pay plaintiff weekly in accordance with Article 5 of his contract.

"3. Defendant failed to inform plaintiff until the job was completed that he would not be compensated for overhead in excess of $4,000.

"4. Defendant promised to pay the May estimate in full if plaintiff would complete the job and falsely represented that he would obtain a mortgage to pay plaintiff in full."

As relates to the first point, plaintiff furnished labor and materials costing $91,000 either because, as defendant contends, he was obligated to do so by the written contract, voluntarily entered into .by him, or because he willingly performed beyond his contract obligation.' In either event his action was voluntary, there being no showing of any act of compulsion in that regard by defendant. Mere insistence by defendant during operations that plaintiff do more than required by the contract, if it was more, did not constitute duress.

The next 3 points boil down to simply this, that defendant failed to pay as originally and later agreed and failed to give plaintiff advance notice of his intention not to pay. There is no showing that plaintiff's financial distress was caused by any unlawful act on defendant's part. The 4 factual points raised by plaintiff do not suffice, either individually or in combination, to establish the exertion by defendant upon plaintiff of such duress as would entitle plaintiff to a decree setting aside the compromise settlement of a disputed claim and release from further liability. Directly in point are: *Hackley* v. *Headley,* 45 Mich 569; *Gill* v. *S. H. B. Corporation,* 322 Mich 700 (7 ALR2d 252); *Musial* v. *Yatzik,* 329 Mich 379.

Decree reversed. A decree may enter in this Court dismissing plaintiff's bill of complaint, with costs to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.